UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JON ROBERT B.,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | CASE NO. 3:22-CV-5602-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in discounting the medical opinion of Dr. Darius Ghazi. Further, under the Ninth Circuit's "credit-as-true" analysis, if Dr. Ghazi's improperly discounted medical opinion were credited as true, the ALJ would be required to find Plaintiff disabled on remand. Accordingly, the Court

remands this case for an award of benefits pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner").

## FACTUAL AND PROCEDURAL HISTORY

On February 6, 2020, Plaintiff protectively filed for DIB, alleging disability as of January 1, 2010, with a date last insured of December 31, 2013. *See* Dkt. 12; Administrative Record ("AR") 85, 97, 203-06. The application was denied upon initial administrative review and on reconsideration. *See* AR 93, 108-11, 116-18.

ALJ Elizabeth Watson held two hearings on April 14, 2021 and July 14, 2021 (AR 33-84), and issued a decision on August 4, 2021, finding Plaintiff not disabled from his alleged onset date through December 21, 2013. AR 12-32. Plaintiff requested review of the ALJ's decision to the Appeals Council. AR 1-6. The Appeals Council affirmed the ALJ's finding of nondisability, making the ALJ's decision the final decision of the Commissioner. *See id.*; 20 C.F.R. § 404.981.

In Plaintiff's Opening Brief, Plaintiff contends the ALJ erred in evaluating the medical opinion evidence of Dr. Ghazi. Dkt. 12, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

///

///

///

DISCUSSION

**I.  Whether the ALJ Erred in Evaluating Medical Opinion Evidence**

Plaintiff contends the ALJ erred because despite finding the medical opinion of medical expert Dr. Ghazi persuasive, the ALJ failed to include his findings into Plaintiff's residual functional capacity ("RFC") without valid reason. *See* Dkt. 13, pp. 2-6.

Dr. Ghazi testified as a medical expert during the July 2021 about Plaintiff's standing limitations. AR 36-49. He opined Plaintiff would be limited in standing for two hours during an eight-hour workday because of his ankles. *See* AR 42.

The Court first notes that, contrary to Plaintiff's reading of the ALJ's decision, the ALJ did *not* find Dr. Ghazi's testimony persuasive. AR 25. The ALJ explained that because Dr. Ghazi "tended to commingle [Plaintiff's] functioning during the period at issue with [Plaintiff's] functioning currently," and because Dr. Ghazi was "somewhat equivocal in identifying specific limitations during the period at issue," she found Dr. Ghazi's opinion "less persuasive" and thus discounted it. *See* AR 24-25. Though the ALJ did state Dr. Ghazi's opinion was *consistent* with her assessment of Plaintiff's RFC, the ALJ's overall evaluation of Dr. Ghazi's opinion was not favorable. *See id*. Second, so long as the ALJ's reasons for discounting Dr. Ghazi's medical opinion were permissible, the ALJ was not required to incorporate his findings into Plaintiff's RFC. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (finding no error in ALJ's RFC assessment because ALJ permissibly discounted medical opinion evidence). Thus, the issue before the Court is not whether the ALJ erred by declining to include Dr. Ghazi's opined limitations in Plaintiff's RFC, but whether the ALJ's reasons for discounting Dr. Ghazi's medical opinion were permissible.

Under the new regulations, an ALJ can consider a medical opinion's supportability, that is, how persuasive it is based on the relevant objective medical evidence and supporting

explanations presented by the medical source providing the medical opinion. *See* 20 C.F.R. § 404.1520c(c)(1). But "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022).

The ALJ's reason in discounting Dr. Ghazi's opinion here—that he was vague and equivocal—is a valid one, but it is not supported by substantial evidence. *See* AR 25. The ALJ's description of the manner by which Dr. Ghazi's testified during the ALJ's questioning of the medical expert is accurate. The record shows Dr. Ghazi continuously described Plaintiff's limitations during and after the relevant period, and the ALJ continuously reminded him she was only concerned about Plaintiff's limitations from January 1, 2010 through December 31, 2013. *See* AR 36-41. For example, after Dr. Ghazi initially testified that Plaintiff's orthopedic issues limited him to sedentary-type work, the ALJ asked him if his testimony was a "current assessment" or if it concerned Plaintiff's limitations during the relevant period. AR 37-38. Dr. Ghazi responded it was a "current assessment." AR 37. Afterwards, the ALJ asked if Plaintiff had any limitations during the relevant period, to which Dr. Ghazi replied, "Not as much as . . . he suffers from now . . ." AR. 38-39. The ALJ again asked Dr. Ghazi if "[Plaintiff] would have met or equaled any listings" during the relevant period. AR 39. Dr. Ghazi replied, "Not at the time, Your Honor. During those earlier years, as I said, he was not incapacitated to meet that listing, and he was partially capable of bearing weight on his involved ankle. But now, he has reached the advanced state of arthritis, which is quite—which is quite significant by now." *Id*. Finally, when the ALJ asked if during the relevant period, Plaintiff had any "lifting, carrying, standing, walking, any postural or environmental limitations," Dr. Ghazi responded, "during 2010 up until 2013, I don't think [Plaintiff] was incapacitated, as he is now." AR 41.

Commenting that Dr. Ghazi's response did not speak to any specific limitations, the ALJ again asked, "[B]ack in the day that we're talking about, what would you have seen the standing and walking limitations to be, based upon your review of the record?" *Id*. Dr. Ghazi responded directly, "Difficulty standing and bearing weight on his ankle." AR 41.

However, the record also shows that during cross-examination by Plaintiff's counsel, Dr. Ghazi was able to provide relevant information about Plaintiff's limitations, how they impacted Plaintiff, and whether such limitations were present during the relevant period. For example, when Plaintiff's counsel asked Dr. Ghazi about Plaintiff's ankle and whether during the relevant period "there would be limitations in how long [Plaintiff] could stand in a workday, on sustained basis, day in and day out," Dr. Ghazi directly replied, "No more than an hour or two." AR 42. Additionally, when asked about the restrictions Dr. Ghazi would have placed had Plaintiff been his patient during the relevant period, Dr. Ghazi replied, "Limit their walking and standing to no more than two hours at any given time." *See* AR 44. As Dr. Ghazi's testimony during this portion of the July 2021 was neither vague nor equivocal about Plaintiff's specific functional limitations during the relevant period, the ALJ erred in discounting Dr. Ghazi's medical opinion.

Defendant argues the ALJ's error is harmless because the jobs testified to by the vocational expert ("VE") during the July 2021 hearing are considered sedentary work and therefore still accounts for Dr. Ghazi's opinion about Plaintiff's two-hour standing limitation. Dkt. 13, p. 4. Defendant's argument fails.

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The ALJ's error here is not harmless. Defendant is correct in saying that the VE testified Plaintiff

could perform sedentary jobs, and such jobs would account for and reflect Dr. Ghazi's opinion because they would only involve periods of standing or walking that generally do not total more than two hours during an eight-hour workday. *See* 20 C.F.R. § 404.1567(a) ("Jobs are sedentary if walking and standing are required occasionally"); Social Security Ruling ("SSR") 83-10 (occasionally standing or walking at the sedentary level of exertion "should generally total no more than about 2 hours of an 8-hour workday"). However, the ALJ, in her decision, concluded Plaintiff was not disabled because he could perform jobs that are considered *light work*. AR 27-28. Such jobs require a higher level of physical exertion than jobs considered sedentary work. *See* 20 C.F.R. § 404.1567(a), (b). A job considered light work "requires a *good deal* of walking or standing," while a job considered sedentary work requires "occasional" standing or walking. *See* 20 C.F.R. § 404.1567(a), (b) (emphasis added). In fact, the regulations make it clear the amount of walking and standing required in a job considered light work as opposed to a job considered sedentary work is "the primary difference between sedentary and most light jobs." *See* SSR 83-10. Because the jobs the ALJ determined Plaintiff could perform here are considered light work and not sedentary work, they do not account for the limitations the ALJ impermissibly discounted. *See* AR 27-28. The Court, therefore, rejects Defendant's argument, and finds the ALJ's error requires reversal.

    II.     **Whether the ALJ Was Biased**

Plaintiff also suggests the ALJ was biased in declining to incorporate Dr. Ghazi's limitation in his RFC because the ALJ "seemed more distressed that Dr. Ghazi may have failed to answer her questions because she is a woman." Dkt. 12, pp. 9-10. "ALJs are presumed to be unbiased." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). This presumption "can be rebutted by a showing of conflict of interest or some other specific reason for disqualification." *Id*. "'[E]xpressions of impatience, dissatisfaction, annoyance, and even

anger, that are within the bounds of what imperfect men and women sometimes display[,] do not establish bias.'" *Id*. Though the ALJ did express some frustration with how Dr. Ghazi responded to her questions (AR 47-48), Plaintiff has not shown the ALJ's comments "in the context of the whole case, [were] 'so extreme as to display clear inability to render fair judgment.'" *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 555–56). The Court, therefore, rejects Plaintiff's argument.

### III.  Remedy

Plaintiff requests that the Court remand this case for an award of benefits, or alternatively, for further proceedings, based on the ALJ's error with the medical opinion evidence. Dkt. 12, p. 10. Defendant has presented no arguments as to whether the Court should remand for further administrative proceedings. *See* Dkt. 13.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)).

The first and second steps of the analysis satisfied here. Plaintiff's record is fully developed. The Court has also found the ALJ erred in discounting Dr. Ghazi's medical opinion. Therefore, a remand for an award of benefits depends on whether the third step is likewise satisfied. Plaintiff argues it is, because if Dr. Ghazi's testimony were credited as true, "it would combine with the VE's testimony to establish disability pursuant to the grids." Dkt. 12, p. 10.

The Medical-Vocational Guidelines ("the Grids") at 20 C.F.R. pt. 404, subpt. P, app. 2. direct a finding of "disabled" or "not disabled" based on a claimant's age, education, previous work experience, and physical ability. *See Maxwell v. Saul*, 971 F.3d 1128, 1130 (9th Cir. 2020). Here, Plaintiff specifically points to Rule 201.12 of the Grids, which directs a finding of "disabled" if a claimant is (1) closely approaching advanced age; (2) is a high school graduate or more but whose education does not provide for direct entry into skilled work; and (3) either has no previous work or whose previous work is "unskilled." *See* Dkt. 12, p. 10; 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 201.12.

Plaintiff was 51 years old, a person closely approaching advanced age, during his date last insured. *See* 20 C.F.R. § 404.1563(d); AR 85, 97. He is also at least a high school graduate. AR 27. Plaintiff had previous work before the relevant period, but that work was "semi-skilled" because it required specific vocational preparation (SVP) levels of three or four. *See* 20 C.F.R. § 1568(b); SSR 00-4p ("semi-skilled work corresponds to an SVP of 3-4"); AR 26. While this would preclude a finding of disabled under Rule 201.12, Footnote 3 to Rule 201.12 also provides the following:

> Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. *When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains*. However, recently completed education which provides for direct entry into sedentary work will preclude such a finding. For this age group, even a high school education or more (ordinarily completed in the remote past) would have little impact for effecting a vocational adjustment unless relevant work experience reflects use of such education.

*See* 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 201.00(g) (emphasis added).

In this case, if Dr. Ghazi's medical opinion about Plaintiff's two-hour standing limitation were credited as true, Plaintiff would be limited to sedentary work. *See* 20 C.F.R. § 404.1567(a)

("Jobs are sedentary if walking and standing are required occasionally"); SSR 83-10 (occasionally standing or walking at the sedentary level of exertion "should generally total no more than about 2 hours of an 8-hour workday"). Consequently, Plaintiff would not be able to perform past relevant work because his previous jobs were all considered light work. AR 26. As explained above, *see infra* Section I*,* jobs considered light work require a higher level of physical exertion than jobs considered sedentary work. *See* 20 C.F.R. § 404.1567(a), (b). Additionally, during the hearing, the VE testified Plaintiff has no skills that would transfer from his past work. AR 58-59. There is also nothing in the record to suggest Plaintiff recently completed education would allow him direct entry into sedentary work. Therefore, under Footnote 3 to Rule 201.12 of the Grids, "a finding of disabled ordinarily obtains." *See* 20 C.F.R. Pt. 404, subpt. P, App. 2, Rule 202.00(g). More importantly, "a finding of *disability* [under the Grids] ... must be accepted by the [Commissioner] ...." *Barnes v. Berryhill*, 895 F.3d 702, 707 (9th Cir. 2018) (citing *Lounsburry v. Barnhart*, 468 F.3d 1111, 1116 (9th Cir. 2006)). Thus, if this case were remanded back to the ALJ, the ALJ would have to find Plaintiff disabled. The Court, therefore, finds the third step of the "credit-as-true-analysis" satisfied. *Trevizo*, 871 F.3d at 682–83; *see also Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989) ("Where the grids dictate a finding of disability, the claimant is eligible for benefits . . .") Accordingly, the Court finds remanding for an award of benefits, rather than for further proceedings, the appropriate remedy.

///

///

///

///

///

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. The Court finds remand for an award of benefits is appropriate. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for an award of benefits.

Dated this 27th day of March, 2023.

*David W. Christel*
David W. Christel
United States Magistrate Judge